## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Diabate Amadou,

**Civil No.: 09-cv-391 (DWF/SER)**

      Plaintiff,

v.

**REPORT AND RECOMMENDATION**

Metropolitan Orthotic Laboratory, Inc.,

      Defendant.

---

      Diabate Amadou, *pro se*, 600 18th Avenue North, Apt. #126E, Minneapolis, MN 55411.

      Jeffrey J. Fenske, Fenske Law Office, P.C., 239 Cleveland Avenue North, Saint Paul, Minnesota, 55104, on behalf of Defendant.

---

STEVEN E. RAU, United States Magistrate Judge

      A Court may dismiss a case *sua sponte* for lack of subject matter jurisdiction at any time. *See* Fed R. Civ. P. 12 (b) (1); *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir. 1998). "Lack of federal subject-matter jurisdiction, however, cannot be waived, and [the Court] may raise the issue ourselves even if the parties do not." *Id.* Fed. R. Civ. P. 12 (h) (3) provides that "the court must dismiss the action" if it determines the case lacks subject matter jurisdiction. *See Berger Levee Dist. v. United States,* 128 F.3d 679, 680 (8th Cir.1997). For the reasons set forth below, the Court recommends dismissal for lack of subject matter jurisdiction.

### I.      BACKGROUND

      *Pro se* plaintiff Diabate Amadou ("Amadou") initiated this action on February 19, 2009 by filing a three-page, handwritten complaint with this Court. (Compl.) [Doc. No. 1]. On February 23, 2009, then-Magistrate Susan Richard Nelson referred Amadou the Volunteer Lawyers

Network [Doc. No. 3].  Amadou's application to proceed *in forma pauperis* was denied on

February 24, 2009 [Doc. No. 4].

On April 22, 2009, Defendant Metropolitan Orthotic Laboratory, Inc. ("MOL") filed an

Answer to Amadou's Complaint [Doc. No. 6].  On April 27, 2009, Amadou filed a submission

entitled "Motion for my Complaint to Stay" containing additional allegations against MOL

including violation of Amadou's "human and civil rights" and "discriminatory behavior against

[Amadou] and contrary to USA Code of laws."  [Doc. No. 9, at 2-3].  On July 13, 2009, Judge

Nelson denied Amadou's Motion as "premature" given that MOL had not moved to dismiss the

case [Doc. No. 10].  The Court stated that "Plaintiff does not articulate what relief he is seeking

in the motion."  *Id*. at 1.  Discovery ensued in the intervening 20 months.

## II.      ANALYSIS

From the face of Amadou's Complaint, there does not appear to be federal question

jurisdiction pursuant to 28 U.S.C. § 1331. (Compl.) [Doc. No. 1].  Amadou's Complaint makes

no reference any federal statute, nor does his civil complaint cover sheet indicate any federal

basis for his claim.   Though *pro se* pleadings are to be read liberally, the Court cannot decipher

any cognizable federal basis for his claims.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see*

*also Mayard v. Siegfried*, No. 08-5853, 2011 WL 579334, at *6-7 (D. Minn. Feb. 8, 2011).

Alternatively, the case lacks diversity jurisdiction under 28 U.S.C. § 1332 (a) because the

parties are not diverse.  It appears that Amadou is domiciled in Minnesota.[1]  MOL's principal

place of business appears to be Minneapolis, Minnesota.[2]   Amadou does, however, allege

$700,000 in damages for "professional misconduct" and "disrespect."   Though these claims

---

[1] The court infers that Amadou is domiciled in Minnesota based on the Minneapolis address provided in documents filed on ECF.

[2] MOL's website reveals that it has two locations, both of which are in Minneapolis, Minnesota.  Therefore, the Court reasonably infers that its principal place of business is in Minnesota.  *See Metropolitan Orthotic Laboratory, Inc. Locations*, Metropolitan Orthotic Laboratory, available at http://www.metro-ortho.com/ (last visited May 4, 2011).

exceed the $75,000 amount in controversy requirement, the parties are not completely diverse.

*See* 28 U.S.C. § 1332.  Thus, the Court does not have subject matter jurisdiction under 28 U.S.C.

§ 1332 (a) or 28 U.S.C. § 1331.  Accordingly, the case is not properly before this Court and

should be dismissed.  Fed. R. Civ. P. 12 (b) (1).

## III.      RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** for lack of subject

matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b) (1).

Dated: May 9, 2011

s/ Steven E. Rau_____
STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 23, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.